# IN THE COURT OF APPEALS OF IOWA

No. 25-0701
Filed November 13, 2025

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**DONALD LAVADIS DICKERSON III,**
      Defendant-Appellant.

_____

Appeal from the Iowa District Court for Scott County, Jeffrey C. McDaniel, Judge.

A defendant appeals his sentence for possession of a controlled substance with intent to deliver. **AFFIRMED.**

Nathan A. Olson of Branstad & Olson Law Office, Des Moines, for appellant.

Brenna Bird, Attorney General, and Adam Kenworthy, Assistant Attorney General, for appellee.

Considered without oral argument by Chicchelly, P.J., and Buller and Langholz, JJ.

**LANGHOLZ, Judge.**

Donald Dickerson III pleaded guilty to possessing fifty kilograms or less of marijuana with intent to deliver it to another person in violation of Iowa Code section 124.401(1)(d) (2023). At sentencing, he argued that the district court should impose a deferred judgment. The State sought a five-year suspended sentence and a two-year term of probation, arguing that a deferred judgment was inappropriate based on the seriousness of the offense and because he previously received a deferred judgment that was revoked. The district court agreed with the State. And Dickerson now appeals, arguing that the court abused its discretion in selecting a suspended sentence and probation rather than a deferred judgment. Because the court did not abuse its considerable sentencing discretion, we affirm.

We review a district court's discretionary sentencing decisions, including the exercise of its discretion whether to grant a deferred judgment, for an abuse of discretion. *See State v. Gordon*, 998 N.W.2d 859, 862 (Iowa 2023). This deferential standard of review recognizes that the court's decision "to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). And even when the court would have been justified in imposing the sentence sought by the defendant, "our task on appeal is not to second guess the decision made by the district court, but to determine if it was unreasonable or based on untenable grounds." *Id.* at 725. So it is not enough that the defendant disagrees with the court's weighing of the sentencing factors and the sentence ultimately selected. *See Gordon*, 998 N.W.2d at 863.

The district court did not abuse its discretion here. Dickerson does not point to any unreasonable or untenable grounds of the court's decision. Rather, he argues that court failed "to weigh rehabilitative factors in balance with the nature and timing of the charges" and contends that a proper weighing of all the factors would have given him "a second chance" with a deferred judgment. But this is essentially an improper request for us to reweigh the sentencing factors and decide for ourselves what sentence we would impose. *See Gordon*, 998 N.W.2d at 863 ("The test for whether a sentencing court abused its discretion is not whether we might have weighed the various factors differently.").

The court explained all the factors that it considered and concluded "probation is the best step for you" and "I am denying that request for a deferred judgment." The court noted that it had reviewed the presentence investigation report—which showed six convictions over the past dozen years, including one in which a deferred judgment had been revoked. And the court highlighted that Dickerson had a second drug offense about a year after this offense—to which he had pleaded guilty by the time of this sentencing. The court thus reasoned:

> A deferred judgment is granted for somebody who deserves a second chance, who has had an unfortunate incident in their life that is considered to be an aberration, and this is not an aberration, this is a two-time offense, and plus [Dickerson] has an extensive criminal—clearly an extensive criminal history in this case, although those criminal charges are not all of great significance.

Seeing no abuse of discretion in this exercise of the district court's sentencing judgment, we affirm Dickerson's sentence.

**AFFIRMED.**